FILED

2009 JAN 29  PM 3: 39

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1 | Sergio A. Castaneda (S.B.N. 208642)
2 | Jason C. Ming (S.B.N. 219745)
Jacqueline Kojikian (S.B.N. 249335)
3 | CASTANEDA & ASSOCIATES, P.L.C.
A Professional Law Corporation
350 South Grand Avenue, Suite 2220
4 | Los Angeles, CA 90071
Tel:  (213) 488-3341   Fax: (213) 488-3471
5 | Jason@castanedalaw.com; Jacque@castanedalaw.com

6 | Attorneys for Plaintiffs,
DWB HOLDING COMPANY, and
7 | DANIEL FERNANDES ROJO FILHO

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10 |

11 | DWB HOLDING COMPANY, a
Florida corporation, and DANIEL
12 | FERNANDES ROJO FILHO, an
individual,
13 |
14 | Plaintiffs,
15 |
vs.
16 |
17 | EVOLUTION MARKET GROUP,
INC., a Panama corporation, dba
18 | FINANZAS FOREX, and GERMAN
CARDONA SOLER, an individual, and
19 | DOES 1-100, inclusive,
20 | Defendants.

Civil Action No.:

**CV09-0735 FMC (JWJ)**

**PLAINTIFFS' COMPLAINT FOR:**
1. **SLANDER;**
2. **LIBEL;**
3. **FRAUD;**
4. **INTENTIONAL MISREPRESENTATION;**
5. **NEGLIGENT MISREPRESENTATION;**
6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; AND**
7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24 | Plaintiffs DWB HOLDING COMPANY and DANIEL FERNANDES ROJO
25 | FILHO allege as follows:
26 | ///
27 | ///
28 | ///

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341  F (213) 488-3471

**PLAINTIFFS' COMPLAINT**

## THE PARTIES

1.     Plaintiff DWB HOLDING COMPANY ("DWB") is a corporation incorporated in the State of Florida, with its principal place of business in Florida.

2.     Plaintiff DANIEL FERNANDES ROJO FILHO ("DANIEL") is an individual and a resident of the State of Florida.

3.     Defendant EVOLUTION MARKET GROUP, INC., dba FINANZAS FOREX ("EMG") is a Panama corporation, Mercantile Number 558703. Plaintiffs are informed and believe and thereupon allege that EMG has a corporate presence in numerous countries around the world, including the United States and the State of California.

4.     Defendant GERMAN CARDONA SOLER ("SOLER") is an individual residing in Spain. Plaintiffs have information and belief and thereupon allege that SOLER is the President of EMG.

5.     Plaintiffs do not know the true names, identities or capacities of the defendants sued as DOES 1 through 100 inclusive. Plaintiffs therefore sue these Defendants using fictitious names. Plaintiffs are informed and believe, and thereon allege that each fictitiously named defendant is an individual, corporation, limited liability company, partnership, joint venture, unincorporated association or other form of legal entity that is responsible and liable for the damages alleged.

6.     Plaintiffs will seek leave of court to amend this complaint to state the true names, identities or capacities of the fictitiously named defendants, after they are ascertained. All references in this complaint to defendants shall be deemed to include all Doe defendants.

7.     At all times herein relevant, certain defendants and their co-defendants were the agents, servants, employees, co-conspirators, joint ventures, partners, representatives, aiders and abettors, guarantors, indemnitors, and/or sureties one of the other and were acting herein within the scope of their authority within such relationships, and with the permission, consent and knowledge of their co-

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.2341  F (213) 488-3471

–2–

### PLAINTIFFS' COMPLAINT

1 | defendants, or ratified such action.

## JURISDICTION AND VENUE

2

3      8.     This court has subject matter jurisdiction over this action, pursuant to
4 | 28 U.S.C. § 1332(a), based on diversity of citizenship and a matter in controversy
5 | that exceeds the sum of $75,000.00, exclusive of interest and costs.

6      9.     Venue is proper in the Central District of California because the Central
7 | District of California is where a substantial part of the events or omissions giving
8 | rise to the claims occurred.

## THE FACTS

9

10      10.    In or about February 2008, Juan Diaz Alcazar, Vice President of EMG,
11 | met with DANIEL and DWB to discuss potential investment opportunities with
12 | DWB in the real estate, commodities, and energy sectors in the United States.

13      11.    In or about February 2008, SOLER and EMG (the "SOLER
14 | DEFENDANTS") met with DWB and DANIEL to further discuss investment
15 | opportunities.

16      12.    In or about February 2008, the SOLER DEFENDANTS represented to
17 | DWB and DANIEL that the SOLER DEFENDANTS would invest $10 million of
18 | the SOLER DEFENDANTS' own money, consisting of profits made by the SOLER
19 | DEFENDANTS' from investing their clients' funds, in DWB.

20      13.    During the course of discussions between the SOLER DEFENDANTS,
21 | on one hand, and DWB and DANIEL, on the other hand, the SOLER
22 | DEFENDANTS made representations which were common and standard under the
23 | usual practices in the industry. DWB and DANIEL did not believe, nor did DWB
24 | and DANIEL have any reason to believe, that the SOLER DEFENDANTS'
25 | representations were false, misleading, or fraudulent in any manner. Nothing that
26 | the SOLER DEFENDANTS did or represented would reasonably have caused DWB
27 | and DANIEL to become alarmed or suspicious of the SOLER DEFENDANTS.
28 | DWB and DANIEL reasonably relied on the SOLER DEFENDANTS'

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.2541  F (213) 488.2471

– 3 –

1  representations, and DWB and DANIEL reasonably expected complete fulfillment

2  of the SOLER DEFENDANTS' promises.

3      14.   At first, the SOLER DEFENDANTS failed to transfer the promised

4  $10 million to DWB.  In April 2008, SOLER came to the United States to meet with

5  DWB and DANIEL again.  At this meeting, the SOLER DEFENDANTS again

6  communicated their interest in investing in DWB and assured and represented to

7  DWB and DANIEL that the SOLER DEFENDANTS were willing and capable of

8  performing.

9      15.   DWB and DANIEL conducted due diligence on the SOLER

10 DEFENDANTS.  DWB and DANIEL, to the best of their abilities, found that none

11 of the SOLER DEFENDANTS had any criminal records nor any pending criminal

12 actions against them.

13     16.   On or about the beginning of April 2008, DWB and DANIEL requested

14 the following from the SOLER DEFENDANTS: (1) documentation regarding

15 SOLER's licensing credentials, and (2) confirmation from the SOLER

16 DEFENDANTS regarding their ability to perform in accordance with their

17 representations.

18     17.   On or about April 21, 2008, the SOLER DEFENDANTS provided a

19 purported copy of SOLER's license and a notarized written confirmation of the

20 SOLER DEFENDANTS' ability to perform in accordance to their representations.

21 These documents appeared to be valid and neither DWB nor DANIEL had any

22 reasonable belief to believe otherwise.  In actuality though, and unbeknownst to

23 DWB and DANIEL, SOLER was not properly licensed.

24     18.   On or about July 2008, the SOLER DEFENDANTS attempted to

25 transfer funds to DWB.  However, the SOLER DEFENDANTS did not comply with

26 the agreed-upon process for wiring funds.  Instead, the SOLER DEFENDANTS

27 attempted to authorize their own investor clients to transfer funds – which they

28 contend consisted of profit generated from their clients' investments – directly to

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.5541  F (213) 488-3471

– 4 –

**PLAINTIFFS' COMPLAINT**

1  DWB on behalf of the SOLER DEFENDANTS.  Accordingly, DWB's bank

2  rejected the wire transfers.

3      19.    As a result of the actions and inactions of the SOLER DEFENDANTS,

4  DWB incurred and paid penalty fees for the return of the wired funds.

5      20.    In late 2008, through further discussions, the SOLER DEFENDANTS

6  made new representations regarding the investment project to DWB and DANIEL.

7  The SOLER DEFENDANTS represented that they would transfer a total of $40

8  million to DWB for investment.  The funds would be deposited into one of DWB's

9  bank accounts.

10     21.    The SOLER DEFENDANTS assured DWB and DANIEL that a

11  performance bond for the funds would be procured in order to protect the investors.

12  The SOLER DEFENDANTS applied for a performance bond, however, because the

13  SOLER DEFENDANTS never paid for the issuance of the bond, the funds from the

14  SOLER DEFENDANTS' investor clients were never secured.

15     22.    On or about August 5, 2008 through August 22, 2008, inclusive, the

16  SOLER DEFENDANTS began transferring funds to a DWB bank account.  In total,

17  approximately $25 million was transferred into that bank account.

18     23.    On or about August 22, 2008, the DWB bank account was frozen and

19  the funds therein were seized.  Plaintiffs are informed and believe that the United

20  States Drug Enforcement Administration ("DEA") had frozen and seized the

21  account as part of an investigation.  Furthermore, as a result of the SOLER

22  DEFENDANTS' actions and inactions, all of DWB's bank accounts and DANIEL's

23  bank accounts were frozen and assets therein were seized by the DEA.

24     24.    As a result of these series of events, DWB and DANIEL have suffered

25  great economic loss.  Additionally, DWB's and DANIEL's reputations have been

26  substantially harmed as a result of the SOLER DEFENDANTS' reporting and

27  representing to the SOLER DEFENDANTS' clients and others that the SOLER

28  DEFENDANTS are related to, affiliated with, and/or controlled by DWB and/or

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue , Suite 2220
Los Angeles, CA 90071
T (213) 488.2341   F (213) 488-3471

– 5 –

**PLAINTIFFS' COMPLAINT**

1  DANIEL and that it is DWB's and DANIEL's actions that had caused the freezing

2  of the account and seizure of the funds belonging to the SOLER DEFENDANTS'

3  investor clients.

4      25.   In fact, neither DWB nor DANIEL has any connection whatsoever to

5  SOLER or EMG, and neither DWB nor DANIEL had any role in SOLER or EMG's

6  decisions or acts.  DANIEL is not, nor has he ever been, an owner or shareholder of

7  EMG.  DWB is not, nor has it ever been, an owner or shareholder of EMG.  Also,

8  DANIEL has never served in any capacity as a principal, director, board member, or

9  officer of EMG.

10  **FIRST CAUSE OF ACTION FOR SLANDER**

11  **(Against SOLER, EMG, and Does 1-100, inclusive)**

12      26.   Plaintiffs reallege and incorporate by reference the allegations of all

13  paragraphs above, as if fully stated herein.

14      27.   Beginning in 2009 and continuing to the present, the defendants, in the

15  presence and hearing of persons whose names are currently unknown to Plaintiffs,

16  maliciously spoke about the Plaintiffs around the world, stating false and

17  defamatory words which reported and represented to these persons that the SOLER

18  DEFENDANTS are related to, affiliated with, and/or controlled by the Plaintiffs and

19  that the Plaintiffs' actions or inactions caused the freezing of the account and seizure

20  of the funds belonging to the SOLER DEFENDANTS' investor clients.

21      28.   The words spoken by the defendants about DWB and DANIEL were

22  false and defamatory.

23      29.   Plaintiffs are informed and believe and thereupon allege that the

24  defendants have and continue to falsely report and represent to their clients and

25  others that the SOLER DEFENDANTS are related to, affiliated with, and/or

26  controlled by DWB and/or DANIEL and that it is DWB's and DANIEL's actions

27  that had caused the freezing of the account and seizure of the investors' funds.

28  ///

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341  F (213) 488-3471

– 6 –

**PLAINTIFFS' COMPLAINT**

30.     The defendants' actions have caused and continue to cause great harm to the Plaintiffs' reputation and ability to conduct business, and have subjected the Plaintiffs to investigation by United States governmental authorities, including but not limited to the DEA, and have subjected the Plaintiffs to the negative attention from and the anger of the SOLER DEFENDANTS' investor clients.

31.     As a proximate result of the defendants' actions, DWB, DANIEL, and DANIEL's family have suffered irreparable harm and are still in great danger of further irreparable harm, including but not limited to great damage to their reputation as well as the risk of serious bodily injury or death.

32.     As a result of these defamatory words having been spoken of and concerning plaintiffs DWB and DANIEL, the Plaintiffs were injured in their reputations and have suffered great pain and mental anguish, to their damage in a sum to be determined at trial, but in no event less than $25 million.

## SECOND CAUSE OF ACTION FOR LIBEL

### (Against SOLER, EMG, and Does 1-100, inclusive)

33.     Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above, as if fully stated herein.

34.     The defendants intentionally and knowingly published untrue, malicious, and defamatory libel of and concerning DWB and DANIEL over the Internet and other media, falsely claiming that the actions and inactions of DWB and DANIEL caused the seizure of funds belonging to the SOLER DEFENDANTS' investor clients. The defendants maliciously and wantonly published the defamatory publication over the Internet and other media such that it was obtainable throughout the State of California, other states in the United States, and all around the world. The publication maliciously, falsely, wantonly, and scandalously portrayed and continues to portray DWB and DANIEL as the cause of the seizure of funds belonging to the SOLER DEFENDANTS' investor clients.

/ / /

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341 F (213) 488.3471

-7-

35.     The libel was prominently published over the Internet and other media, and was intended to be and in fact was read by the general public around the world, as if the contents of it were truthful, when in fact they contained gross error, misrepresentation, falsehood and bias, intentionally and knowingly inserted for the sole purpose of fictionalizing the situation and making it seem as if DWB and DANIEL were the cause of the seizure of the investors' funds belonging to the SOLER DEFENDANTS' investor clients.

36.     The libel was unprivileged and malicious and was published without the consent of the Plaintiffs.

37.     Defendants at no time had any reasonable or justifiable grounds to believe that the libelous writing was true, fair, just, or based upon proper facts.  To the contrary, the defendants knew that it contained false and completely untrue statements, and was written and published for the purpose and with the effect of injuring the reputation of DWB and DANIEL.

38.     Plaintiffs are advised and believe the evil purpose of the libelous writing and publication was to injure the reputation of DWB and DANIEL, and to divert the attention and anger of the cheated investors off of the SOLER DEFENDANTS and onto DWB and DANIEL, contrary to the rights of the Plaintiffs.

39.     The publication of the distorted facts, in the evil and biased manner, was consequent to the unwarranted trespass by defendants, through and by the individual defendants, on the property and rights of the Plaintiffs, without Plaintiffs' consent, and in deliberate and scornful disregard of the rights of Plaintiffs to security of their persons, family and home, and their right to peace and their right of privacy.

/ / /

/ / /

/ / /

/ / /

-- 8 --

**PLAINTIFFS' COMPLAINT**

40.   The writing and publication complained of unwarrantedly exposed the Plaintiffs to public view, shame, humiliation, contempt, ridicule, embarrassment, and investigation by United States governmental authorities, including but not limited to the DEA, and the Plaintiffs have been and will be injured in their feelings and will be caused great mental and financial suffering.

41.   The unwarranted trespass upon the personal, proprietary, and constitutional rights of the Plaintiffs has, have, and will continue to unjustly violate the integrity of the persons, the honor, the reputations and the sensibilities, and the ability to conduct business of the Plaintiffs.

42.   The libelous publication unwarrantedly deprived the Plaintiffs of their rights of privacy, is beyond the limits of decency, and degrades the Plaintiffs to the benefit and profit of the defendants.

43.   By reason of the libelous writing and publication, the inalienable rights of the Plaintiffs to enjoyment of their lives, their home, their family, their business, and their privacy have been offended in such manner as to outrage them as persons of ordinary sensibilities.

44.   The libelous writing and unwarranted deprivation of the Plaintiffs' rights have scandalously and maliciously done, and will continue to damage the reputations, sensitivities, character, and the ability to conduct business of the Plaintiffs, and have and will oppress and subject the Plaintiffs to great embarrassment, humiliation, danger, and investigation by United States governmental authorities, including but not limited to the DEA, all to the Plaintiffs' damages and hurt.

45.   Plaintiffs are informed and believe and thereupon allege that the defendants have published and continue to falsely publish untrue, malicious, and defamatory libel of and concerning DWB and DANIEL over the Internet and other media throughout the world, falsely claiming that the actions and inactions of DWB

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 483.3341  F (213) 483-3471

-- 9 --

**PLAINTIFFS' COMPLAINT**

1  and DANIEL caused the seizure of funds belonging to the SOLER DEFENDANTS'

2  investor clients.

3     46.   The defendants' actions have caused and continue to cause great harm

4  to the Plaintiffs' reputation and ability to conduct business, and have subjected the

5  Plaintiffs to investigation by United States governmental authorities, including but

6  not limited to the DEA, and have subjected the Plaintiffs to the negative attention

7  from and the anger of the SOLER DEFENDANTS' investor clients.

8     47.   As a proximate result of the defendants' actions, DWB, DANIEL, and

9  DANIEL's family have suffered irreparable harm and are still in great danger of

10  further irreparable harm, including but not limited to great damage to their

11  reputation as well as the risk of serious bodily injury or death.

12     48.   As a result of the defamatory libel having been published of and

13  concerning plaintiffs DWB and DANIEL, the Plaintiffs were injured in their

14  reputations and have suffered great pain and mental anguish, to their damage in a

15  sum to be determined at trial, but in no event less than $25 million.

16             **THIRD CAUSE OF ACTION FOR FRAUD**

17           **(Against SOLER, EMG and Does 1-100, inclusive)**

18     49.   Plaintiffs reallege and incorporate by reference the allegations of all

19  paragraphs above, as if fully stated herein.

20     50.   The SOLER DEFENDANTS falsely, fraudulently, and with intent to

21  defraud DWB and DANIEL represented to the Plaintiffs that the SOLER

22  DEFENDANTS were first investing the SOLER DEFENDANTS' own money,

23  consisting of profits made by the SOLER DEFENDANTS' from investing their

24  clients' funds, in DWB, then that the SOLER DEFENDANTS had the proper and

25  necessary licenses to pool investors' funds, that the funds were obtained through

26  legal means, and that the SOLER DEFENDANTS had the ability and willingness to

27  provide the investment funds to DWB for investment purposes, and that the SOLER

28

**PLAINTIFFS' COMPLAINT**

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.5341  F (213) 488-3471

1  DEFENDANTS would procure a performance bond to protect the funds of the
2  SOLER DEFENDANTS' investor clients.

3      51.    In fact, those representations were false and known to be false by the
4  SOLER DEFENDANTS at the time the representations were so made.

5      52.    DWB and DANIEL relied upon the representations and were thereby
6  induced to accept the funds from the SOLER DEFENDANTS.  Subsequently, the
7  funds of the SOLER DEFENDANTS' investor clients and other funds held in the
8  bank accounts of DWB and DANIEL were seized by the DEA and the bank
9  accounts of DWB and DANIEL were frozen.  Furthermore, the Plaintiffs are also
10 damaged in that any bank accounts newly created by DWB and DANIEL will also
11 be frozen and the assets therein seized.

12     53.    By reason of the foregoing, DWB and DANIEL have suffered damages
13 in a sum to be determined at trial, but in no event less than $25 million.

14              **FOURTH CAUSE OF ACTION FOR**
15            **INTENTIONAL MISREPRESENTATION**
16          **(Against SOLER, EMG, and Does 1-100, inclusive)**

17     54.    Plaintiffs reallege and incorporate by reference the allegations of all
18 paragraphs above, as if fully stated herein.

19     55.    The defendants intentionally misrepresented to DWB and DANIEL,
20 among other things, that the SOLER DEFENDANTS were first investing the
21 SOLER DEFENDANTS' own money, consisting of profits made by the SOLER
22 DEFENDANTS' from investing their clients' funds, in DWB, then that the SOLER
23 DEFENDANTS had the proper and necessary licenses to pool investors' funds, that
24 the funds were obtained through legal means, and that the SOLER DEFENDANTS
25 had the ability and willingness to provide the investment funds to DWB for
26 investment purposes, and that the SOLER DEFENDANTS would procure a
27 performance bond to protect the funds of the SOLER DEFENDANTS' investor
28 clients.

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 483.3341  F (213) 483-3471

– 11 –

**PLAINTIFFS' COMPLAINT**

56.   The defendants knew or should have known that DWB and DANIEL would believe these representations to be true and that DWB and DANIEL would act in reliance on these representations.

57.   DWB and DANIEL relied on the defendants' representations described in Paragraph 55 as expressly approved by the SOLER DEFENDANTS in their representations.

58.   DWB and DANIEL suffered great injury and damage as a proximate result of their reliance on the defendants' intentional misrepresentations.

59.   By reason of the foregoing, DWB and DANIEL have suffered damages in a sum to be determined at trial, but in no event less than $25 million.

### FIFTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION
**(Against SOLER, EMG, and Does 1-100, inclusive)**

60.   Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above, as if fully stated herein.

61.   The defendants negligently, carelessly, falsely, and without due care to ascertain the truth or accuracy of its statements, misrepresented to plaintiffs DWB and DANIEL as a positive statement of known fact that, among other things, the SOLER DEFENDANTS were first investing the SOLER DEFENDANTS' own money, consisting of profits made by the SOLER DEFENDANTS' from investing their clients' funds, in DWB, then that the SOLER DEFENDANTS had the proper and necessary licenses to pool investors' funds, that the funds were obtained through legal means, and that the SOLER DEFENDANTS had the ability and willingness to provide the investment funds to DWB for investment purposes, and that the SOLER DEFENDANTS would procure a performance bond to protect the funds of the SOLER DEFENDANTS' investor clients.

///
///

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue   Suite 2220
Los Angeles, CA  90071
T (213) 488.3541  F (213) 488.3471

– 12 –

62.   The defendants knew or should have known that DWB and DANIEL would believe these representations to be true and that DWB and DANIEL would act in reliance on them.

63.   DWB and DANIEL relied on the representations described above in Paragraph 61 as expressly approved by the defendants' in their representations.

64.   DWB and DANIEL suffered great injury and damage as a proximate result of their reliance on the defendants' negligent misrepresentations.

65.   By reason of the foregoing, DWB and DANIEL have suffered damages in a sum to be determined at trial, but in no event less than $25 million.

## SIXTH CAUSE OF ACTION FOR

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against SOLER, EMG, and Does 1-100, inclusive)

66.   Plaintiffs reallege and incorporate by reference the allegations of all paragraphs above, as if fully stated herein.

67.   Because of the negligence of the defendants – including but not limited to acts of misrepresenting to DANIEL and DWB as a positive statement of known fact that, among other things, the SOLER DEFENDANTS were first investing the SOLER DEFENDANTS' own money, consisting of profits made by the SOLER DEFENDANTS' from investing their clients' funds, in DWB, then that the SOLER DEFENDANTS had the proper and necessary licenses to pool investors' funds, that the funds were obtained through legal means, and that the SOLER DEFENDANTS had the ability and willingness to provide the investment funds to DWB for investment purposes, and that the SOLER DEFENDANTS would procure a performance bond to protect the funds of the SOLER DEFENDANTS' investor clients, and the acts of the SOLER DEFENDANTS in intentionally and knowingly publishing untrue, malicious, and defamatory libel of and concerning DWB and DANIEL over the Internet and other media, falsely claiming that the actions and inactions of DWB and DANIEL caused the seizure of the funds of the SOLER

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341  F (213) 488-3471

– 13 –

1   DEFENDANTS' investor clients for the sole purpose of fictionalizing the situation

2   and making it seem as if DWB and DANIEL were the cause of the seizure of the

3   funds – and as a proximate result thereof, plaintiff DANIEL sustained severe

4   emotional distress and mental suffering, all of which has caused, continues to cause,

5   and will cause him great physical and mental pain and suffering, all to his damage.

6       68.     Plaintiff DANIEL has suffered in that he is unable to rest due to fear

7   of his own safety and his family's safety and due to the fear and uncertainty about

8   his future financial livelihood since his reputation has suffered great harm due to the

9   acts of the defendants.

10      69.     By reason of the foregoing, DWB and DANIEL have suffered damages

11  in a sum to be determined at trial, but in no event less than $25 million.

12                    **SEVENTH CAUSE OF ACTION FOR**

13          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

14              **(Against SOLER, EMG, and Does 1-100, inclusive)**

15      70.     Plaintiffs reallege and incorporate by reference the allegations of all

16  paragraphs above, as if fully stated herein.

17      71.     Because of the intentional acts of the defendants — including but not

18  limited to acts of misrepresenting to DANIEL and DWB as a positive statement of

19  known fact that, among other things, the SOLER DEFENDANTS were first

20  investing the SOLER DEFENDANTS' own money, consisting of profits made by

21  the SOLER DEFENDANTS' from investing their clients' funds, in DWB, then that

22  the SOLER DEFENDANTS had the proper and necessary licenses to pool

23  investors' funds, that the funds were obtained through legal means, and that the

24  SOLER DEFENDANTS had the ability and willingness to provide the investment

25  funds to DWB for investment purposes, and that the SOLER DEFENDANTS would

26  procure a performance bond to protect the funds of the SOLER DEFENDANTS'

27  investor clients, and the acts of the SOLER DEFENDANTS in intentionally and

28  knowingly publishing untrue, malicious, and defamatory libel of and concerning

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.2341  F (213) 488.3471

– 14 –

**PLAINTIFFS' COMPLAINT**

1  DWB and DANIEL over the Internet and other media, falsely claiming that the

2  actions and inactions of DWB and DANIEL caused the seizure of the funds of the

3  SOLER DEFENDANTS' investor clients for the sole purpose of fictionalizing the

4  situation and making it seem as if DWB and DANIEL were the cause of the seizure

5  of the funds – and as a proximate result thereof, plaintiff DANIEL sustained severe

6  emotional distress and mental suffering, all of which has caused, continues to cause,

7  and will cause him great physical and mental pain and suffering, all to his damage.

8      72.    Plaintiff DANIEL has suffered in that he is unable to rest due to fear

9  of his own safety and his family's safety and due to the fear and uncertainty about

10  his future financial livelihood since his reputation has suffered great harm due to the

11  acts of the defendants.

12      73.    By reason of the foregoing, DWB and DANIEL have suffered damages

13  in a sum to be determined at trial, but in no event less than $25 million.

## EIGHTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

### (Against SOLER, EMG, and Does 1-100, inclusive)

16      74.    Plaintiffs reallege and incorporate by reference the allegations of all

17  paragraphs above, as if fully stated herein.

18      75.    Plaintiffs are informed and believe and thereupon allege that the

19  defendants have and continue to falsely report and represent to their clients and

20  others that the SOLER DEFENDANTS are related to, affiliated with, and/or

21  controlled by DWB and/or DANIEL and that it is DWB's and DANIEL's actions

22  that had caused the freezing of the account and seizure of the investors' funds.

23      76.    The defendants actions have caused and continue to cause great harm to

24  the Plaintiffs' reputation and ability to conduct business, and has subjected the

25  Plaintiffs to investigation by United States federal authorities, including but not

26  limited to the DEA, and has subjected the Plaintiffs to the negative attention and

27  anger of the SOLER DEFENDANTS' clients.

28  ///

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341  F (213) 488-3471

– 15 –

**PLAINTIFFS' COMPLAINT**

77.    As a proximate result of the defendants' actions, DWB, DANIEL, and DANIEL's family have suffered irreparable harm and are still in great danger of further irreparable harm, including but not limited to great damage to their reputation as well as serious bodily injury or death.

78.    Accordingly, the Plaintiffs request injunctive relief from the defendants, and a preliminary injunction order from this Court ordering the defendants to cease and desist from falsely reporting and representing to their clients and others that the SOLER DEFENDANTS are related to, affiliated with, and/or controlled by DWB and/or DANIEL and that it was DWB's and DANIEL's actions or inactions which had caused the freezing of the account and seizure of the funds of the SOLER DEFENDANTS' investor clients.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all claims and issues which it has a right for a jury to render judgment.

## PRAYER FOR RELIEF

**WHEREFORE**, as to the Plaintiffs' <u>First Cause of Action</u> for slander, Plaintiffs demand judgment in their favor and against all Defendants and certain other presently unidentified defendants as follows:

1.    A judgment that Defendants have engaged in slander;

2.    That Defendants and their respective employees, officers, directors, agents, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined

(a)    from reporting and representing to persons around the world that the SOLER DEFENDANTS are related to, affiliated with, and/or controlled by the Plaintiffs;

///

-16-

**PLAINTIFFS' COMPLAINT**

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue, Suite 2230
Los Angeles, CA 90071
T (213) 488.3341  F (213) 488.3471

(b)     that the Plaintiffs' actions or inactions caused the freezing of the account and seizure of the funds belonging to the SOLER DEFENDANTS' investor clients; and

(c)     from committing any other further acts of slander against the Plaintiffs.

3.     An order allowing the recovery by Plaintiffs of the full costs of this action, including Plaintiffs' reasonable attorneys' fees;

4.     That Defendants be ordered to pay to Plaintiffs interest, costs, and reasonable attorneys' fees incurred in maintaining this action;

5.     That a judgment be entered for the Plaintiffs against Defendants for punitive damages in excess of $1,000,000.00 in view of the willfulness and egregious nature of their misconduct as against the Plaintiffs;

6.     That the Court grant the Plaintiffs such other and further relief as the Court deems just; and

7.     That all liability imposed be joint and several as to all Defendants.

**WHEREFORE**, as to the Plaintiffs' <u>Second Cause of Action</u> for libel, Plaintiffs demand judgment in their favor and against all Defendants and certain other presently unidentified defendants as follows:

1.     A judgment that Defendants have engaged in libel;

2.     That Defendants and their respective employees, officers, directors, agents, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined

(a)     from publishing anywhere in the world libel of and concerning the Plaintiffs over the Internet and other media, falsely claiming that the actions and inactions of the Plaintiffs caused the seizure of funds belonging to the Defendants' investor clients; and

/ / /

**PLAINTIFFS' COMPLAINT**

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 483.2341  F (213) 483-3471

1       (b)   from committing any other further acts of slander against the

2  Plaintiffs.

3       3.    An order directing the Defendants to remove any existing libelous

4  publication anywhere in the world in any published media, including but not limited

5  to the Internet;

6       4.    An order allowing the recovery by Plaintiffs of the full costs of this

7  action, including Plaintiffs' reasonable attorneys' fees;

8       5.    That Defendants be ordered to pay to Plaintiffs interest, costs, and

9  reasonable attorneys' fees incurred in maintaining this action;

10      6.    That a judgment be entered for the Plaintiffs against Defendants for

11  punitive damages in excess of $1,000,000.00 in view of the willfulness and

12  egregious nature of their misconduct as against the Plaintiffs;

13      7.    That the Court grant the Plaintiffs such other and further relief as the

14  Court deems just; and

15      8.    That all liability imposed be joint and several as to all Defendants.

16

17      **WHEREFORE**, as to the Plaintiffs' Third Cause of Action for fraud,

18  Plaintiffs demand judgment in their favor and against all Defendants and certain

19  other presently unidentified defendants as follows:

20      1.    A judgment that Defendants have made committed fraud against the

21  Plaintiffs;

22      2.    An order allowing the recovery by Plaintiffs of the full costs of this

23  action, including Plaintiffs' reasonable attorneys' fees;

24      3.    That Defendants be ordered to pay to Plaintiffs interest, costs, and

25  reasonable attorneys' fees incurred in maintaining this action;

26      4.    That a judgment be entered for the Plaintiffs against Defendants for

27  punitive damages in excess of $1,000,000.00 in view of the willfulness and

28  egregious nature of their misconduct as against the Plaintiffs;

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 483,3541 F (213) 483-3471

-- 18 --

**PLAINTIFFS' COMPLAINT**

1       3.     That Defendants be ordered to pay to Plaintiffs interest, costs, and

2  reasonable attorneys' fees incurred in maintaining this action;

3       4.     That the Court grant the Plaintiffs such other and further relief as the

4  Court deems just; and

5       5.     That all liability imposed be joint and several as to all Defendants.

6

7       **WHEREFORE**, as to the Plaintiffs' <u>Sixth Cause of Action</u> for negligent

8  infliction of emotional distress, Plaintiffs demand judgment in their favor and

9  against all Defendants and certain other presently unidentified defendants as

10  follows:

11       1.     A judgment that Defendants have made negligently inflicted emotional

12  distress upon the Plaintiffs;

13       2.     An order allowing the recovery by Plaintiffs of the full costs of this

14  action, including Plaintiffs' reasonable attorneys' fees;

15       3.     That Defendants be ordered to pay to Plaintiffs interest, costs, and

16  reasonable attorneys' fees incurred in maintaining this action;

17       4.     That the Court grant the Plaintiffs such other and further relief as the

18  Court deems just; and

19       5.     That all liability imposed be joint and several as to all Defendants.

20

21       **WHEREFORE**, as to the Plaintiffs' <u>Seventh Cause of Action</u> for intentional

22  infliction of emotional distress, Plaintiffs demand judgment in their favor and

23  against all Defendants and certain other presently unidentified defendants as

24  follows:

25       1.     A judgment that Defendants have made intentionally inflicted

26  emotional distress upon the Plaintiffs;

27       2.     An order allowing the recovery by Plaintiffs of the full costs of this

28  action, including Plaintiffs' reasonable attorneys' fees;

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 488.3341   F (213) 488-3471

**PLAINTIFFS' COMPLAINT**

3.      That Defendants be ordered to pay to Plaintiffs interest, costs, and reasonable attorneys' fees incurred in maintaining this action;

4.      That a judgment be entered for the Plaintiffs against Defendants for punitive damages in excess of $1,000,000.00 in view of the willfulness and egregious nature of their misconduct as against the Plaintiffs;

5.      That the Court grant the Plaintiffs such other and further relief as the Court deems just; and

6.      That all liability imposed be joint and several as to all Defendants.

DATED: January _29_, 2009          **CASTANEDA & ASSOCIATES, P.L.C.**

_J Ming_
Sergio A. Castaneda, Esq.
Jason C. Ming, Esq.
Jacqueline Kojikian, Esq.
Attorneys for Plaintiffs,
DWB HOLDING COMPANY and
DANIEL FERNANDES ROJO FILHO

CASTANEDA & ASSOCIATES
A PROFESSIONAL LAW CORPORATION
350 South Grand Avenue | Suite 2220
Los Angeles, CA 90071
T (213) 485.3341  F (213) 485-3471

**PLAINTIFFS' COMPLAINT**

Sergio A. Castaneda, SBN 208642
Jason C. Ming, SBN 219745
Jacqueline Kojikian, SBN 249335
Castaneda & Associates, P.L.C.
350 S. Grand Ave., Suite 2220
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWB HOLDING COMPANY, a Florida corporation, and DANIEL FERNANDES ROJO FILHO, an individual  PLAINTIFF(S) <br><br> v. <br><br> EVOLUTION MARKET GROUP, INC., a Panama corporation, dba FINANZAS FOREX, and GERMAN CARDONA SOLER, an individual, and DOES 1-100, inclusive  DEFENDANT(S). | CASE NUMBER <br><br> **CV09-0735 FMC (JWJx)** <br><br> **SUMMONS** |

TO:  DEFENDANT(S):  to the above named defendants

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Sergio Castaneda, Esq. _____, whose address is  Castaneda & Associates, 350 S. Grand Ave., #2220, Los Angeles, CA 90071 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **JAN 2 9 2009** _____

By:  **NATALIE LONGORIA** _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DWB HOLDING COMPANY, a Florida corporation, and DANIEL
FERNANDES ROJO FILHO, an individual

**DEFENDANTS**
EVOLUTION MARKET GROUP, INC., a Panama corporation, dba FINANZAS
FOREX, and GERMAN CARDONA SOLER, an individual, and DOES 1-100
inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Sergio A. Castaneda (SBN 208642)     (213)488-3341
CASTANEDA & ASSOCIATES
350 S. Grand Ave, Suite 2220, Los Angeles, CA 90071

Attorneys (If Known)

Unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S.
                                        Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship
                                        of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original
   Proceeding
☐ 2 Removed from
   State Court
☐ 3 Remanded from
   Appellate Court
☐ 4 Reinstated or
   Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-
   District
   Litigation
☐ 7 Appeal to District
   Judge from
   Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ exceeds $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 (a)Slander; Libel; Fraud; Intentional Misrepresentation; Negligent Misrepresentation; Negligent Infliction of Emotional Distress;and Intentional Infliction

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | IMMIGRATION | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 462 Naturalization Application | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV09-0735**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　　☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　　☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　　☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Spain and Panama |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *J. Ming*　　　　　　　　　　Date  January 29, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Florence-Marie Cooper and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV09- 735 FMC (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.