Sergio A. Castaneda (S.B.N. 208642)
Jason C. Ming (S.B.N. 219745)
Jacqueline Kojikian (S.B.N. 249335)
**CASTANEDA & ASSOCIATES, P.L.C.**
A Professional Law Corporation
350 South Grand Avenue, Suite 2220
Los Angeles, CA 90071
Tel:    (213) 488-3341    Fax: (213) 488-3471
Jason@castanedalaw.com; Jacque@castanedalaw.com

Attorneys for Plaintiffs,
**DWB HOLDING COMPANY, and
DANIEL FERNANDES ROJO FILHO**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DWB HOLDING COMPANY, a Florida corporation, and DANIEL FERNANDES ROJO FILHO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>EVOLUTION MARKET GROUP, INC., a Panama corporation, dba FINANZAS FOREX, and GERMAN CARDONA SOLER, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Civil Action No.: CV09-0735 FMC<br><br>**NOTICE OF AND *EX PARTE* APPLICATION TO APPOINT SPECIAL PROCESS SERVER AND APPLICATION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**DECLARATION OF JASON C. MING, ESQ.** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that plaintiffs DWB HOLDING COMPANY and DANIEL FERNANDES ROJO FILHO (collectively, "PLAINTIFFS") hereby apply

---

**NOTICE OF AND PLAINTIFFS' *EX PARTE* APPLICATION TO APPOINT
SPECIAL PROCESS SERVER; MEMORANDUM OF POINTS AND
AUTHORITIES; SUPPORTING DECLARATION**

1  to the court *ex parte* for an order appointing APS International, Ltd. ("APS") as the
2  special process server.
3      This application will be based on this notice, the attached memorandum of
4  points and authorities, and the declaration of Jason C. Ming, Esq.

7  DATED: May _6_, 2009            **CASTANEDA & ASSOCIATES, P.L.C.**

                                                *J. Ming*
                                       Sergio A. Castaneda, Esq.
                                       Jason C. Ming, Esq.
                                       Jacqueline Kojikian, Esq.
                                       Attorneys for Plaintiffs,
                                       DWB HOLDING COMPANY and
                                       DANIEL FERNANDES ROJO FILHO

**NOTICE OF AND PLAINTIFFS' *EX PARTE* APPLICATION TO APPOINT SPECIAL PROCESS SERVER; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs DWB HOLDING COMPANY ("DWB") and Daniel Fernandes Rojo Filho ("FILHO") (collectively, the "Plaintiffs") hereby submit this Memorandum of Points and Authorities in support of their *Ex Parte* Application for an Order to Appoint APS International, Ltd. as a Special Process Server.

### A.  Statement of Relevant Facts

As set forth in the attached Declaration of Jason C. Ming, Esq. submitted in support hereof, the following comprises a summary of the pertinent facts:

Plaintiffs filed their Complaint against EVOLUTION MARKET GROUP, INC., a Panama corporation, *dba* FINANZAS FOREX, and GERMAN CARDONA SOLER, an individual, and DOES 1-100, inclusive (collectively, "Defendants") on February 2, 2009. (Declaration of Jason C. Ming, Esq. ("Ming Decl."), ¶ 3.) Plaintiffs are informed and believe that all Defendants named herein are individual or corporate citizens of Panama. (Ibid.)

Plaintiffs have not yet served the Defendants because of the time needed for translating the complaint and summons into Spanish and the difficulties associated with serving citizens of Panama. In particular, the requirements for service in accordance with the Inter-American Convention on Letters Rogatory and Additional Protocol are extensive and complex, and compliance requires true expertise with the Panamanian government's rules and regulations.

-3-

**NOTICE OF AND PLAINTIFFS' *EX PARTE* APPLICATION TO APPOINT SPECIAL PROCESS SERVER; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

In order to effect service of the Summons and Complaint on the international parties residing in Panama, Plaintiffs desire to utilize the services of APS International, Ltd. ("APS"). According to APS, APS has been handling international service of process requests since 1983 and has served tens of thousands of documents abroad. (Ming Decl., ¶ 4.) APS is willing to assist Plaintiffs with serving process in Panama. (Ibid.)

The Plaintiffs have not notified and could not notify any of the named Defendants about this application because the Defendants have not yet been served with the summons or the complaint in this matter. (Ming Decl., ¶ 7.)

### B. Relief Sought – Appointment of APS as Special Process Server

APS recently informed Plaintiffs that the Panamanian government requires a court order appointing APS as special process server for the purpose of service of process in Panama. (Ming Decl., ¶ 5.) Therefore, before APS can effect service of process on the Panamanian Defendants, Plaintiffs must obtain an order from this Court appointing APS as a special process server.

In light of the fact that Plaintiffs cannot effect service on the Defendants before obtaining the requested Court order appointing APS as a special process server, it is in this Court and the Plaintiffs' interest that APS be appointed as the special process server. The requested order is a requirement imposed on Plaintiffs by the Panamanian government. Plaintiffs merely seek to comply with the basic requirements for service. Without such an order, Plaintiffs will not be able to effectively serve the Defendants and will be prohibited from adjudicating its claims

-4-

NOTICE OF AND PLAINTIFFS' *EX PARTE* APPLICATION TO APPOINT SPECIAL PROCESS SERVER; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION

against these parties. Thus, it is in the interest of equity that this Court grant the relief requested by Plaintiffs such that they may serve the Defendants and be permitted to adjudicate its claims against the Panamanian parties.

Since the Plaintiffs already have a certified translation of the pleadings to be served on the Panamanian defendants, if the Court enters an order appointing APS as a special process server, Plaintiffs and APS will work together to accomplish service on the Panamanian parties as soon as this Court grants this application.

Plaintiffs are informed and believe that service on parties residing in Panama typically takes anywhere from six to twelve months. Therefore, it is fair and equitable that the relief sought herein be granted on an *ex parte* basis as the relief concerns merely ministerial matters and Plaintiffs will be adversely affected if required to proceed pursuant to a noticed motion.

### C. Conclusion

For the foregoing reasons, Plaintiffs DWB HOLDING COMPANY and DANIEL FERNANDES ROJO FILHO respectfully request that this Court issue an order to appoint APS as a special process server.

DATED: May 6, 2009                         CASTANEDA & ASSOCIATES, P.L.C.

                                           _____
                                           Sergio A. Castaneda, Esq.
                                           Jason C. Ming, Esq.
                                           Jacqueline Kojikian, Esq.
                                           Attorneys for Plaintiffs,
                                           DWB HOLDING COMPANY and
                                           DANIEL FERNANDES ROJO FILHO

– 5 –

**NOTICE OF AND PLAINTIFFS' *EX PARTE* APPLICATION TO APPOINT SPECIAL PROCESS SERVER; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION**

# DECLARATION OF JASON C. MING, ESQ.

I, JASON C. MING, hereby declare as follows:

1.  I am an associate attorney at Castaneda & Associates, P.L.C. (hereinafter, "C & A"), attorney of record for Plaintiffs DWB HOLDING COMPANY, a Florida corporation, and DANIEL FERNANDES ROJO FILHO, an individual (hereinafter "Plaintiffs"). I am licensed to practice law in the federal courts in the State of California.

2.  I submit this declaration in support of Plaintiffs' *Ex Parte* Application to Appoint Special Process Server in the above-referenced matter. I make this declaration based upon my personal knowledge unless otherwise indicated and, if called to testify, I can and will testify competently thereto.

3.  On or about February 2, 2009, I filed the above-referenced Complaint on behalf of the Plaintiffs against EVOLUTION MARKET GROUP, INC., a Panama corporation, dba FINANZAS FOREX, and GERMAN CARDONA SOLER, an individual residing in Panama, and DOES 1-100. I am informed and believe that all Defendants named herein are individual or corporate citizens of Panama.

4.  Based on my research and representations by APS, APS has been handling international service of process since 1983 and has served tens of thousands of documents abroad. APS is willing to assist Plaintiffs with serving the Defendants in Panama.

–6–

DECLARATION OF JASON C. MING, ESQ.

5. In a communication from APS on or about April 16, 2009, APS indicated that the Panamanian government requires a court order appointing APS as a special process server for the purpose of service of process in Panama.

6. Once the Court grants Plaintiffs' motion, C & A will work with APS to promptly serve the named defendants.

7. The Plaintiffs have not notified and could not notify any of the named Defendants about this application because the Defendants have not yet been served with the summons or the complaint in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing in true and correct, and that this declaration was executed in Los Angeles, California, on May 6, 2009.

_____
JASON C. MING, ESQ.

-7-
**DECLARATION OF JASON C. MING, ESQ.**